Dylan J. WRIGHT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7955.

Court of Appeals of Alaska.

May 3, 2002.

Michael R. Smith, Anchorage, for Appellant.

John J. Novak, Chief Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Dylan J. Wright was convicted of robbery in the first degree, a class A felony,[1] and assault in the first degree, also a class A felony,[2] for robbing and severely beating a cab driver, Sun Chon, during the early morning hours of July 30, 1999. Superior Court Judge John E. Reese sentenced Wright to a composite term of twenty years of imprisonment with six years suspended. Wright appeals to this court, raising several issues concerning his sentence. We affirm.

### The offense

On July 29, 1999, Sun Chon was driving her cab in Unalaska. She picked up a young, skinny man wearing a dark-blue, hooded sweatshirt, baggy jeans, tennis shoes, and a hat. The man had his hood pulled over his hat, concealing his facial features. Sun Chon felt uneasy about the situation and asked another driver to remain on the radio until she completed transporting the man. During the drive, the man moved directly behind Sun Chon, put his arm around her neck, and covered her mouth with his hand. He then produced a hand gun and put it to the back of her head. Sun Chon activated the radio, but the man saw her doing this and ripped the microphone out, causing the radio to go dead. Sun Chon continued driving, swerving all over the road before stopping the taxi on a bridge. The man then pulled Sun Chon to the floor and took over driving. He drove her to an isolated area. Sun Chon pleaded with him to take her money. But the man dragged Sun Chon out of the taxi and attempted to tie her hands behind her back. While attempting to tie her up, he placed the gun on the ground. Sun Chon was able to grab the gun with one hand. But the man took the gun away from her, breaking her finger. He beat her about the face and head with the gun until she lost consciousness. When she came to, the man had left, and she crawled back into the taxi cab.

Meanwhile, dispatch for the Harbor Express Taxi, the company for which Sun Chon worked, notified the Unalaska Department of Public Safety that they had lost communication with Sun Chon and were concerned about her welfare. Following an extensive search, Officer Johnson located Sun Chon's taxi in an isolated area. The headlights were on, and the taxi was not running. Officer Johnson observed blood splatters on the outside of the taxi and in the interior. He found Sun Chon in the taxi in the passenger's seat. Sun Chon's eyes were swollen shut, she had obvious injuries to her face, and she was covered in blood. As she drifted in and out of consciousness, she told Officer Johnson that she had been robbed at gunpoint and beaten by her assailant. Sun Chon was transported to the local clinic for medical treatment.

At the clinic, medical personnel saw that Sun Chon's front teeth had been knocked out, her nose and jaw appeared to be broken, she had a bleeding gash across her forehead, and her lips were bleeding. Her entire face and right hand were swollen and discolored. She had a cut across the bridge of her nose, and her nose was clogged with clotted blood. She continued to drift in and out of consciousness while she was being treated. She was transported from Unalaska to Anchorage Regional Hospital where she remained for several days. Her injuries required extensive surgery. She reported continued dizziness and a "fuzzy" feeling after her discharge from the hospital.

### The offender

Wright was nineteen years old at the time of sentencing. He was a first felony offender for purposes of presumptive sentencing. As a first felony offender convicted of robbery in the first degree, Wright faced a presumptive sentence of seven years of imprisonment based upon the fact that he possessed a

---

1. AS 11.41.500(a)(1), (b).

2. AS 11.41.200(a)(1), (b).

firearm during the robbery offense.[3] He faced a presumptive sentence of five years for the assault conviction.[4] Judge Reese found several aggravating factors. He found that Wright had a prior criminal history, including an adjudication as a delinquent for conduct that would have been a felony if committed by an adult.[5] Wright does not contest this aggravating factor. Wright has an extensive juvenile record. Judge Reese also found that Wright's conduct "manifested deliberate cruelty to another person."[6] Judge Reese found that this aggravator applied to both Wright's robbery and assault offenses.

Wright argues that Judge Reese erred in finding this aggravator. In *Juneby v. State*,[7] we stated:

The word cruelty ... denotes the infliction of pain or suffering for its own sake, or for the gratification derived therefrom. We think that, in accordance with this common definition, the term "deliberate cruelty," as used in AS 12.55.155(c)(2) must be restricted to instances in which pain—whether physical, psychological, or emotional—is inflicted gratuitously or as an end in itself. Conversely, when the infliction of pain or injury is merely a direct means to accomplish the crime charged, the test for establishing the aggravating factor of deliberate cruelty will not be met.[8]

In finding this aggravating factor, Judge Reese pointed out that Sun Chon "was severely injured and maimed and left for dead for no apparent reason." He concluded that Wright had engaged in "gratuitous violence." Judge Reese's findings are supported by the record and support his conclusion that Wright had acted with deliberate cruelty. Wright had every opportunity to take Sun Chon's money and leave without harming her. Sun Chon begged him to take the money. Instead, Wright beat her mercilessly, to the point where she was almost killed. He then abandoned her, quite possibly leaving her for dead. Judge Reese did not err in finding this aggravator.

Wright raises another issue about Judge Reese's findings. He points out that Judge Reese found the deliberate cruelty aggravator for both the assault and the robbery. Wright points out that, assuming he engaged in deliberate cruelty, it was the same deliberate cruelty for both offenses. But Judge Reese fully recognized this point. He recognized the same deliberate cruelty applied to both counts and stated he would consider this in imposing sentence—he would not count this conduct twice. Because the sentencing record makes it clear that Judge Reese recognized the problem and made allowances for this in determining Wright's ultimate sentence, Wright was not prejudiced.

Judge Reese also found the aggravating factor that Wright's offense was among the most serious conduct included in the definition of the offense.[9] Judge Reese found that this aggravating factor applied to both the robbery and assault offenses. In finding the robbery offense particularly serious, he observed that, in committing the robbery, Wright had kidnapped Sun Chon. In *Benboe v. State*,[10] we concluded that a finding that the defendant had committed a more serious offense than the one for which he was actually convicted would support the most serious aggravating factor.[11] Kidnapping is an unclassified felony with a maximum of ninety-nine years of imprisonment.[12] Judge Reese's finding is supported by the record and supports his conclusion that Wright's robbery was a most serious robbery offense.

3. AS 12.55.125(c)(2)(A).

4. *See Pruett v. State*, 742 P.2d 257, 262–63 (Alaska App.1987), *overruled on other grounds by State v. Wentz*, 805 P.2d 962 (Alaska 1991).

5. AS 12.55.155(c)(19).

6. AS 12.55.155(c)(2).

7. 641 P.2d 823 (Alaska App.1982).

8. *Id.* at 840.

9. AS 12.55.155(c)(10).

10. 698 P.2d 1230 (Alaska App.1985).

11. *Id.* at 1231 n. 2.

12. AS 11.41.300(c); AS 12.55.125(b).

■ In finding Wright's assault offense a most serious offense, Judge Reese noted the severity of Sun Chon's injuries. He emphasized that she was almost killed. The facts of the assault offense support Judge Reese's finding.

■ Wright contends that AS 12.55.025(e), which authorizes judges to impose consecutive sentences, is unconstitutional. Wright relies on *Apprendi v. New Jersey.*[13] In *Apprendi,* the United States Supreme Court held that any factual finding that increases the penalty for a crime beyond the statutory maximum provided for the offense must be submitted to the jury and proved beyond a reasonable doubt.[14] *Apprendi* does not apply to Wright's case. Wright faced a maximum sentence of twenty years for the robbery conviction and an additional twenty years for the assault conviction.[15] Therefore, he faced a potential maximum term of forty years of imprisonment. Alaska Statute 12.55.025(e) did not increase the potential maximum term. Wright points out that his two offenses arose from the same course of conduct. He apparently objects to Judge Reese's finding that the two events were "surprisingly unrelated" and therefore supported consecutive sentences. But Judge Reese's decision to impose consecutive sentence did not increase the statutory maximum sentence that Wright faced. In fact, Judge Reese could have imposed the same composite sentence by imposing concurrent sentences.

Wright also cites to an Illinois case, *People v. Clifton,*[16] which applied *Apprendi* to the Illinois consecutive sentencing statute. The Illinois consecutive sentencing statute provid-ed in part that "[t]he court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury."[17] In *Clifton,* the court held that *Apprendi* required the finding to impose a consecutive sentence to be found by a jury beyond a reasonable doubt.[18] The Illinois statute governing consecutive sentences differs significantly from AS 12.55.025(e). But even without considering this, the Illinois cases applying *Apprendi* to the Illinois consecutive sentencing statute were recently overruled in *People v. Wagener.*[19] Courts in other states that have considered this issue have concluded that *Apprendi* does not govern the decision to impose consecutive sentences.[20] We accordingly conclude that Wright's constitutional attack on AS 12.55.025(e) has no merit.

■ Wright contends the sentence Judge Reese imposed is excessive. But Wright's offense encompassed the kidnapping, robbery, and the severe beating of Sun Chon. Although he is a young first felony offender, Wright has an extensive juvenile record and has failed at prior attempts at rehabilitation. We conclude the sentence Judge Reese imposed is not clearly mistaken.[21]

The sentence is AFFIRMED.

**13.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**14.** *Id.,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

**15.** AS 12.55.125(c).

**16.** 321 Ill.App.3d 707, 255 Ill.Dec. 769, 750 N.E.2d 686 (2000), *rev'd People v. Wagener,* 196 Ill.2d 269, 256 Ill.Dec. 550, 752 N.E.2d 430 (2001).

**17.** 730 ILCS 5/5–8–4(a) (West Supp.1997), *quoted in Clifton,* 255 Ill.Dec. 769, 750 N.E.2d at 704.

**18.** *Clifton,* 255 Ill.Dec. 769, 750 N.E.2d at 704–05.

**19.** 752 N.E.2d at 440–43.

**20.** *See People v. Clifton,* —— P.3d ——, 2001 WL 1630375, *2–*5 (Colo.App.2001) (reaching the same conclusion: *Apprendi* does not govern the decision to impose consecutive sentences); *People v. Cleveland,* 87 Cal.App.4th 263, 104 Cal. Rptr.2d 641, 644–47 (2001) (same).

**21.** *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).