Submitted on record and briefs October 1, affirmed November 10, 2004, petition for review denied January 25, 2005 (338 Or 16)

# STATE OF OREGON,
*Respondent,*

*v.*

# LUIS MANUEL FUERTE-CORIA,
*Appellant.*

C021105CR; A120106

100 P3d 773

Patrick M. Ebbett filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who was convicted of multiple crimes "arising out of a continuous and uninterrupted course of conduct," ORS 137.123(4), appeals, raising two challenges to sentencing: (1) the trial court erred in imposing mandatory sentences for certain crimes pursuant to ORS 137.700(2)(a) (Ballot Measure 11 (1994)), because that statute is facially unconstitutional; and (2) the court's imposition of consecutive sentences for certain offenses, pursuant to ORS 137.123(5)(a),[1] was unconstitutional under the reasoning of *Blakely v. Washington*, 542 US ____ , 124 S Ct 2531, 159 L Ed 2d 403 (2004). We reject without discussion defendant's first argument. We further conclude, as explained below, that defendant's second, *Blakely*-based challenge to the imposition of consecutive sentences was not preserved and is not reviewable as "error of law apparent on the face of the record." ORAP 5.45(1). Accordingly, we affirm.

Defendant was convicted on single counts of robbery in the first degree, ORS 164.415; robbery in the second degree, ORS 164.405; kidnapping in the first degree, ORS 163.235; assault in the second degree, ORS 163.175; and unauthorized use of a vehicle, ORS 164.135, all of which arose out of a carjacking episode. The court directed, pursuant to ORS 137.123(5)(a), that the sentence for first-degree

---

[1] ORS 137.123 provides, in part:

"(4) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

kidnapping be served consecutively to the sentence for first-degree robbery, because the kidnapping "was *not* an incidental violation, but an indication of defendant's willingness to commit more than one criminal offense." (Emphasis in original.) The court further directed, also pursuant to ORS 137.123(5)(a), that defendant serve 48 months of his 70-month sentence for second-degree assault consecutively to the sentence for first-degree kidnapping. Defendant did not raise any constitutionally based objection in the trial court to the imposition of consecutive sentences.

■    On appeal, defendant argues for the first time that the imposition of consecutive sentences, based on judicial findings under ORS 137.123(5)(a), was unconstitutional under the principles expressed in *Blakely* and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Defendant acknowledges that he did not raise and preserve that contention before the trial court but asserts, nevertheless, that we should treat that matter as an "error of law apparent on the face of the record," ORAP 5.45(1), and exercise our discretion to correct that asserted error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991) (describing principles guiding court's discretion to correct error apparent on the face of the record).

■    ORAP 5.45(1) provides that no matter claimed as error will be considered on appeal unless it was preserved in the lower court, except that "the appellate court may consider an error of law apparent on the face of the record." An error of law is apparent if "the legal point is obvious, not reasonably in dispute" and if the reviewing court need not look beyond the record or choose from competing inferences to find the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Here, the alleged unpreserved error is not reviewable under ORAP 5.45(1) because the legal point is *not* "obvious"; indeed it *is* "reasonably in dispute." *Id.*

As noted, defendant's contention is based on the holdings of *Blakely* and *Apprendi*. In *Apprendi,* the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. In *Blakely,* the

Court ruled that "exceptional" sentences based on judicial findings of fact required to impose a sentence outside of the presumptive range established by state sentencing guidelines ran afoul of the rule announced in *Apprendi. Blakely*, 542 US at ___ , 124 S Ct at 2537-38. *Accord State v. Sawatzky*, 195 Or App 159, 172, 96 P3d 1288 (2004) (holding that departure sentences under the Oregon sentencing guidelines are similarly flawed under the *Blakely* rationale).

Neither of those cases, however, involved consecutive sentencing. Indeed, defendant identifies no reported decision in which any court has extended *Apprendi*'s or *Blakely*'s reasoning to invalidate a consecutive sentence. To the contrary, as the state points out, several courts have rejected the proposition that defendant now urges.[2] In all events, given that *Apprendi* and *Blakely* addressed the imposition of single sentences that exceeded the statutorily prescribed maximum for particular crimes, and because making a sentence for one crime consecutive to a sentence for a different crime does not implicate the "statutory maximum" for either crime in any obvious way, any extension of *Apprendi* and *Blakely* to consecutive sentencing is, at best, "reasonably in dispute." *Brown*, 310 Or at 355. *Accord State v. Riley*, 195 Or App 377, 381, 97 P3d 1269 (2004) (rejecting unpreserved argument about the effect of *Blakely* on Oregon sentencing, as no error was apparent because "it is far indeed from 'obvious' [whether] a juvenile adjudication" may be used as a later sentence enhancement factor, under the Court's rationale in *Blakely* and *Apprendi*).

Affirmed.

---

[2] *See, e.g., People v. Sykes*, 120 Cal App 4th 1331, 16 Cal Rptr 3d 317 (2004); *State v. Bramlett*, 273 Kan 67, 41 P3d 796 (2002); *People v. Wagener*, 196 Ill 2d 269, 752 NE2d 430 (2001).