Submitted on record and briefs July 28, sentences vacated; remanded for resentencing; otherwise affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

RUBEN RIOS,
*Appellant.*

C002322CR; A121823

118 P3d 834

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

_____

* Schuman, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Defendant was convicted of, among other crimes, two counts of attempted aggravated murder, one count of attempted murder, and one count of attempted rape. The trial court merged the aggravated and attempted murder convictions into a single conviction and imposed a durational departure sentence, based on findings of deliberate cruelty and the vulnerability of the victim. The court also imposed a consecutive durational departure sentence on the attempted rape conviction. On appeal, defendant challenges only the sentences.

He first argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing departure sentences based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the errors.

Defendant also advances an unpreserved argument that, under *Blakely* and *Apprendi*, the trial court plainly erred in imposing a consecutive sentence on the attempted rape conviction. Our decision in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), in which we rejected the same argument, controls.

Sentences vacated; remanded for resentencing; otherwise affirmed.