Submitted on record and briefs July 28, sentences vacated; remanded for
resentencing; otherwise affirmed August 31, 2005

# STATE OF OREGON,
*Respondent,*

*v.*

# STEPHEN MICHAEL LEA,
*Appellant.*

## 20-03-19529; A124101

118 P3d 279

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Defendant pleaded guilty to four counts of public indecency with a prior conviction. ORS 163.465. The trial court imposed the presumptive sentence on two of the counts, but it imposed an upward durational departure sentence on a third, based on a finding of persistent involvement in similar offenses. The court also ordered that the sentences on the first three of these counts be served consecutively to each other, with the sentence on the final count to be served concurrently.

On appeal, defendant challenges only the sentences. He first argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Defendant also contends that the court violated the principles articulated in *Blakely* and *Apprendi* in ordering that three of the sentences be served consecutively to each other. He concedes that he did not advance that challenge to the trial court either, but argues that the issue should be reviewed as plain error. Our rejection of the same argument in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.