Submitted on record and briefs June 20, Case No. 20-03-05629 affirmed; sentences in Case No. 20-03-20422A vacated; remanded for resentencing; otherwise affirmed July 19, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MIGUEL ANGEL FLORES,
*Appellant.*

20-03-05629, 20-03-20422A;
A123602 (Control), A123603
(Cases Consolidated)

139 P3d 974

Herbert G. Evans filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

PER CURIAM

---

* Schuman, J., *vice* Ceniceros, S. J.

## PER CURIAM

In these two consolidated cases, defendant was convicted by a jury of multiple counts of unlawful delivery of a controlled substance (DCS), *former* ORS 475.992(1)(b) (2003), *renumbered as* ORS 475.840(1)(b) (2005), unlawful possession of a controlled substance (PCS), *former* ORS 475.992(4)(b) (2003), *renumbered as* ORS 475.840(3)(b) (2005), and delivery of controlled substance to a minor, *former* ORS 475.995 (2003), *renumbered as* ORS 475.906 (2005). In Case No. 20-03-05629, the court ordered that the sentences imposed on two of defendant's convictions for delivery of a controlled substance to a minor be served consecutively, ORS 137.123, with the remaining sentences to be served concurrently. In Case No. 20-03-20422A, the court imposed dispositional departure sentences on defendant's DCS and PCS convictions, based on its finding of defendant's involvement in "persistent similar criminal behavior." On appeal, defendant assigns error to the imposition of consecutive sentences in Case No. 20-03-05629 and to the imposition of departure sentences in Case No. 20-03-20422A, arguing that, in both instances, the court violated the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), by imposing sentences based on facts that were not admitted by defendant or found by a jury. In addition, defendant argues that the trial court lacked a lawful basis, under ORS 137.123, for imposing consecutive sentences in Case No. 20-03-05629. Defendant concedes that he did not advance any of these challenges below, but argues that we should review the sentences as plain error.

We reject defendant's statutory challenge to the imposition of consecutive sentences without discussion. With respect to defendant's constitutional challenges, the trial court's imposition of consecutive sentences in Case No. 20-03-05629 was not plainly erroneous. *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), however, the departure sentences imposed

by the court in Case No. 20-03-20422A were plainly erroneous. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Case No. 20-03-05629 affirmed. Sentences in Case No. 20-03-20422A vacated; remanded for resentencing; otherwise affirmed.