Submitted October 12, 2007, affirmed July 2, petition for review denied October 15, 2008 (345 Or 381)

CALVIN GILBERT CHASE,
*Petitioner-Appellant,*

*v.*

Sharon BLACKETTER,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV050608; A131128

188 P3d 427

David E. Groom filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey R. Guise, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner appeals a judgment denying his petition for post-conviction relief, arguing that his trial counsel provided constitutionally inadequate assistance in several respects. We write to address only petitioner's contention that trial counsel was inadequate by failing to object to the imposition of consecutive sentences on the ground that the principles announced in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), apply to consecutive sentences. We reject petitioner's remaining contentions without discussion. We conclude that petitioner failed to demonstrate that trial counsel, exercising reasonable professional skill and judgment at the time of sentencing, would have objected to the court's imposition of consecutive sentences on *Apprendi* and *Blakely* grounds. Accordingly, we affirm.

The relevant facts are undisputed. Petitioner was charged with five counts of sodomy in the first degree and two counts of sexual abuse in the first degree for conduct involving two victims. Pursuant to a plea agreement, petitioner pleaded guilty to four counts of sodomy in the first degree and one count of sexual abuse in the first degree, and the remaining charges were dismissed. On October 7, 2004, the trial court imposed consecutive sentences of 100 months on each of the sodomy convictions and a concurrent sentence of 75 months on the sexual abuse conviction. The court imposed the consecutive sentences based on its own findings—specifically, the court reasoned that "[g]iven the age of the victims, their vulnerability and the long-time damage caused by [petitioner's] behavior," consecutive sentences were appropriate under ORS 137.123(5)(a) and (b).[1] Petitioner's trial counsel did not object to the imposition of consecutive sentences.

---

[1] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

Prior to sentencing in this case, the United States Supreme Court had decided *Apprendi* and *Blakely*. In *Apprendi*, the Court held that, other than the fact of a prior conviction, any unadmitted fact that increases the penalty for a crime beyond the legislatively prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Later, in *Blakely*, the Court held that "exceptional" sentences—the equivalent of Oregon's departure sentences—based on judicial findings of fact required to impose a sentence outside of the presumptive range established by state sentencing guidelines ran afoul of the rule announced in *Apprendi*. Neither case involved consecutive sentencing.

In October 2007—three years after sentencing in this case—the Oregon Supreme Court addressed the application of *Apprendi* and *Blakely* to consecutive sentences. In *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), the court held that the Sixth Amendment right to a jury trial entitles a criminal defendant to a jury finding regarding the factual predicate for the imposition of consecutive sentences. After *Ice*, it is now apparent that the imposition of consecutive sentences in this case—based on judicial factfinding—was error.

Petitioner sought post-conviction relief, arguing, among other things, that trial counsel was constitutionally inadequate at sentencing for failing to object to the imposition of consecutive sentences on *Apprendi* and *Blakely* grounds. The post-conviction court denied relief. On appeal, petitioner contends that, because the Court had decided *Apprendi* and *Blakely* at the time of sentencing, "[a]ny defense attorney at that time should have been aware of the potential application of *Apprendi* and *Blakely*, and should have raised it whenever an enhanced sentence was imposed."

In order for petitioner to prevail on his argument, it is not sufficient for petitioner to show that the imposition of

---

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

consecutive sentences would be erroneous under the law as it currently stands. Rather, to prove inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner must establish, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment based on the law at the time of sentencing and that counsel's failure had a tendency to affect the result of the criminal trial, that is, that petitioner suffered prejudice as a result. *Burdge v. Palmateer*, 338 Or 490, 492, 112 P3d 320 (2005). The Sixth Amendment requires a similar showing. Under the Sixth Amendment, petitioner must establish that counsel's performance was deficient and that the deficient performance caused actual prejudice to the defense. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Under both the state and federal constitutions, a petitioner who has pleaded guilty to the underlying criminal charges must establish prejudice by showing " 'that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.' " *Saroian v. State of Oregon*, 154 Or App 112, 117, 961 P2d 252 (1998) (quoting *Hill v. Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985)).

■ We recently explained that standard in *Buffa v. Belleque*, 214 Or App 39, 42, 162 P3d 376, *rev den*, 343 Or 690 (2007):

> "If a lawyer exercising reasonable professional skill and judgment would have recognized such an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance."

(Citing *Burdge*, 338 Or at 498.) "Reasonable professional skill and judgment" can be described only generally; counsel must be prepared on the law to the extent appropriate for the nature and complexity of the case but "need not, however, expend time and energy uselessly or for negligible potential benefit." *Burdge*, 338 Or at 493 (citing *Krummacher v. Gierloff*, 290 Or 867, 874-75, 627 P2d 458 (1981)).

Applying that standard to the facts of this case, we must determine whether trial counsel exercised "reasonable

professional skill and judgment" in failing to object to the imposition of consecutive sentences. That inquiry turns on the state of the law at the time of sentencing. Accordingly, we start by briefly outlining the development of the relevant case law.

As discussed above, the United States Supreme Court decided *Apprendi* in June 2000 and *Blakely* in June 2004. To date, the Court has not addressed whether the principles announced in *Apprendi* and *Blakely* apply to limit judicial factfinding in the imposition of consecutive sentences.

Oregon appellate courts first addressed, albeit only tangentially, the application of *Apprendi* principles to consecutive sentences on November 10, 2004—approximately five months after *Blakely* was decided. *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). In *Fuerte-Coria*, the defendant argued for the first time on appeal that the imposition of consecutive sentences based on judicial findings under ORS 137.123(5) was unconstitutional under the principles announced in *Apprendi* and *Blakely*. In rejecting the defendant's argument that the imposition of consecutive sentences constituted plain error under ORAP 5.45(1), we stated,

> "Neither [*Apprendi* or *Blakely*], however, involved consecutive sentencing. Indeed, defendant identifies no reported decision in which any court has extended *Apprendi*'s or *Blakely*'s reasoning to invalidate a consecutive sentence. To the contrary, as the state points out, several courts have rejected the proposition that defendant now urges. In all events, given that *Apprendi* and *Blakely* addressed the imposition of single sentences that exceeded the statutorily prescribed maximum for particular crimes, and because making a sentence for one crime consecutive to a sentence for a different crime does not implicate the 'statutory maximum' for either crime in any obvious way, any extension of *Apprendi* and *Blakely* to consecutive sentencing is, at best, 'reasonably in dispute.' "

*Fuerte-Coria*, 196 Or App at 174 (footnote omitted).

We reached the merits of that issue approximately two years later—on December 20, 2006—in *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006), *vac'd and rem'd*, 343 Or

554, 173 P3d 831 (2007). In *Tanner*, the defendant argued that the imposition of consecutive sentences based on judicial factfinding was unconstitutional under the principles announced in *Apprendi* and *Blakely*. In noting that the issue was a matter of first impression in Oregon, a majority of this court rejected the defendant's argument, concluding that "although the [United States Supreme] Court might in the future extend the Sixth Amendment rule of law announced in *Apprendi* to factfinding relating to whether a defendant will serve sentences consecutively, we are not presently per-suaded that the Sixth Amendment requires such factfinding to be made by a jury." *Tanner*, 210 Or App at 87-88.

The majority in *Tanner* recognized that other courts throughout the nation have wrestled with the issue of whether the principles of *Apprendi* and *Blakely* apply to the imposition of consecutive sentences and have reached differ-ent results. The majority discussed three of those cases in detail. First, in *State v. Foster*, 109 Oh St 3d 1, 845 NE2d 470, *cert den*, 549 US 979 (2006), a case relied upon by the defen-dant, the Ohio Supreme Court held that judicial factfinding required under Ohio law for imposition of consecutive sen-tences ran afoul of the rule announced in *Apprendi*. *Tanner*, 210 Or App at 80-82. The remaining two cases, *State v. Cubias*, 155 Wash 2d 549, 120 P3d 929 (2005), and *People v. Wagener*, 196 Ill 2d 269, 752 NE2d 430, *cert den*, 534 US 1011 (2001), reached the opposite conclusion, refusing to apply the principles of *Apprendi* to the imposition of consecutive sen-tences. *Tanner*, 210 Or App at 82-85. Ultimately, the major-ity in *Tanner* agreed with the majority of courts that had con-sidered the issue, stating,

> "In sum, a number of jurisdictions have grappled with the issue presented here and, while all have considered the implications that *Apprendi* and *Blakely* may have on judi-cial factfinding in support of consecutive sentences, all but one have declined to extend the rule of law from *Apprendi* and *Blakely* into this context, generally on the ground that the *Apprendi* Court itself appeared to indicate that the rule was inapplicable to multiple sentences."

*Id.* at 85.

The dissent in *Tanner*, while fully appreciating the authority contrary to its position, would have concluded that the principles in *Apprendi* and *Blakely* preclude the imposition of consecutive sentences based on judicial factfinding. *See id.* at 88, 93-99 (Haselton, J., dissenting) (thoroughly discussing decisions from other jurisdictions and concluding that courts from jurisdictions with consecutive sentencing laws similar to Oregon's are divided on the issue).

While review of *Tanner* was pending in the Oregon Supreme Court, the court decided *Ice* on October 11, 2007. In *Ice*, the trial court made a number of findings, over the defendant's express *Apprendi*-based objections, to support the imposition of consecutive sentences. The Supreme Court held that the Sixth Amendment right to a jury trial entitles a defendant to a jury finding regarding the factual predicate for ordering the imposition of consecutive sentences. 343 Or at 265-66. It explained,

> "Under [ORS 137.123], the maximum aggregate sentence that may be imposed, based solely on the jury's verdicts and without judicial factfinding, when a defendant is convicted of multiple offenses, assumes that all the sentences run concurrently. But, under the same statutes, additional factfinding—*judicial* factfinding—is required to justify consecutive sentencing. Under that arrangement, a consecutive sentence necessarily 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict,' *Apprendi*, 530 US at 494, based on judicial factfinding, and thereby violates the principles discussed in *Apprendi* and *Blakely*."

*Id.* (footnote omitted; emphasis in original). In so holding, the court acknowledged that most courts from other jurisdictions that have considered the issue have reached a different conclusion. *Id.* at 266.

The dissent in *Ice* described the state of the law:

> "Not only is the majority's decision today at odds with the holdings and reasoning of the [United States] Supreme Court's cases, but it is out of line with the clear weight of authority. In states that require factual findings as a predicate to imposing consecutive sentences, almost every court that has considered the issue has held that *Apprendi* does not apply to the decision to impose consecutive sentences.

Specifically, the courts in Colorado, Illinois, Indiana, Iowa, Louisiana, Maine, Minnesota, New Jersey, and Tennessee have held that *Apprendi* does not apply to the decision whether to impose consecutive sentences. * * *

"To be sure, there is a split among the states that have considered this recurring issue of federal law * * *. One other state has held, as the majority does, that *Apprendi* applies in this context, *State v. Foster*, 109 Ohio St 3d 1, 845 NE2d 470 (2006), and another state's decisions provide mixed support for the majority's decision. *Compare State v. Cubias*, 155 Wn 2d 549, 120 P3d 929 (2005) (holding that *Apprendi* does not apply to a factual prerequisite to imposing consecutive sentences), *with In re VanDelft*, 158 Wn 2d 731, 147 P3d 573 (2006) (holding that *Apprendi* does apply to a factual prerequisite to imposing consecutive sentences). Although the majority can count at least one and perhaps two states in its corner, *the overwhelming number of state courts (and federal courts considering the constitutionality of state sentencing statutes) have held that Apprendi does not apply to the decision to impose consecutive sentences.*"

343 Or at 273-74 (Kistler, J., dissenting) (footnotes omitted; emphasis added). The United States Supreme Court granted *certiorari* in *Ice* on March 17, 2008, but has not yet issued a decision in the case.

■     With that understanding in mind, we return to the facts of this case. Here, petitioner, pursuant to a plea agreement, waived his right to a jury trial and pleaded guilty to four counts of sodomy in the first degree and one count of sexual abuse in the first degree in exchange for dismissal of the remaining charges. Sentencing occurred on October 7, 2004—after *Apprendi* and *Blakely* but before *Fuerte-Coria, Tanner*, and *Ice*. The question is whether, based on the state of the law at the time of sentencing, trial counsel failed to exercise reasonable professional skill and judgment by not objecting to judicial factfinding in the imposition of consecutive sentences. In that respect, counsel was constitutionally inadequate only if we can affirmatively say that trial counsel exercising reasonable professional skill and judgment would have recognized the possible extension of *Apprendi* and *Blakely* principles to the imposition of consecutive sentences

under ORS 137.123(5) and would have concluded that there was merit in raising such an argument.

For the following reasons, we conclude that trial counsel, exercising reasonable skill and judgment, may well have not seen the possible extension of *Apprendi* and *Blakely* to the imposition of consecutive sentences or could well have concluded that such an argument lacked merit. First, at the time of sentencing, there was a lack of authority for the argument that petitioner urges on post-conviction review. At the time of sentencing, Oregon appellate courts had not yet addressed whether the principles of *Apprendi* and *Blakely* applied to judicial factfinding in the imposition of consecutive sentences under ORS 137.123(5). Additionally, no reported decision from other jurisdictions had extended the rule of law from *Apprendi* and *Blakely* into this context. In fact, as our previous discussion demonstrates, most courts—both at that time and later—have rejected the argument that petitioner urges counsel should have made.

Second, it was not apparent at the time of sentencing that *Apprendi* and *Blakely* applied to consecutive sentences. Neither *Apprendi* nor *Blakely* involved a challenge to consecutive sentencing. As we later explained in *Fuerte-Coria*, "*Apprendi* and *Blakely* addressed the imposition of single sentences that exceeded the statutorily prescribed maximum for particular crimes," and "making a sentence for one crime consecutive to a sentence for a different crime does not implicate the 'statutory maximum' for either crime in any obvious way." 196 Or App at 174.

Lastly, we cannot assume that because trial counsel in *Ice* accurately anticipated the Supreme Court's extension of *Apprendi* and *Blakely* to consecutive sentencing, any lawyer exercising reasonable professional skill and judgment would have done the same. Reasonable skilled counsel can reach different conclusions on such issues. *Buffa*, 214 Or App at 45 n 1.

In sum, petitioner failed to demonstrate that trial counsel, exercising reasonable professional skill and judgment at the time of sentencing, would have objected to the court's imposition of consecutive sentences on *Apprendi* and *Blakely* grounds. *See also Krieg v. Belleque*, 221 Or App 36,

188 P3d 413 (2008) (post-conviction petitioner's criminal trial and appellate counsel were not constitutionally inadequate by reason of failing to challenge consecutive sentences on Sixth Amendment grounds). Accordingly, we need not address the prejudice prong of the inadequate assistance test.

Affirmed.