Submitted December 14, 2007, affirmed July 2, petition for review denied
October 3, 2008 (345 Or 317)

## ROBERT WILLIAM KRIEG,
*Petitioner-Appellant,*

*v.*

## Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

## Marion County Circuit Court
05C14253; A132499

188 P3d 413

David E. Groom filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In December 2003, petitioner was tried to the court and convicted of two counts of robbery in the second degree and one count of aggravated theft. On the robbery convictions, the trial court sentenced him to two consecutive 70-month prison terms. ORS 137.123; ORS 137.700. Petitioner filed an appeal; it was dismissed on petitioner's motion on November 15, 2004. Petitioner then sought post-conviction relief, asserting, in part, that he was denied adequate and effective assistance of criminal trial and appellate counsel in various respects. Among other things, petitioner contended that criminal trial counsel was constitutionally inadequate in that counsel failed to object to the imposition of consecutive sentences without the predicate facts being submitted to a jury and proved beyond a reasonable doubt. He also alleged that his appellate counsel was inadequate in failing to assign as plain error the trial court's imposition of those sentences. The post-conviction court denied relief, and petitioner appeals. We reject all of petitioner's arguments, writing only to address the adequacy of trial and appellate counsels' performance in regard to the imposition of consecutive sentences.

The post-conviction court found as fact that petitioner had provided no evidence demonstrating that his consecutive sentences were improper under ORS 137.123(5);[1] that he had provided no evidence that trial counsel unreasonably failed to make any particular argument relating to the

---

[1] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

imposition of consecutive sentences; and that he had provided no evidence that appellate counsel did not properly advise him regarding his appeal. The court concluded that petitioner was not denied his state or federal constitutional right to assistance of trial or appellate counsel. On appeal, expressly relying on *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), petitioner renews his argument that both trial and appellate counsel were inadequate in regard to the imposition of consecutive sentences.

■      To prevail on a post-conviction claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must prove, by a preponderance of the evidence, facts demonstrating that counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). To prevail under the Sixth Amendment to the United States Constitution, a petitioner must prove that counsel's performance "fell below an objective standard of reasonableness * * * under prevailing professional norms" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). *See* ORS 138.530(1)(a) (post-conviction relief is available for a substantial denial of rights under the state or federal constitution).

■      In order to prove prejudice of a constitutional magnitude, a petitioner must show that counsel's advice, acts, or omissions had a tendency to affect the result of the prosecution. *Stevens v. State of Oregon*, 322 Or 101, 110, 902 P2d 1137 (1995). Whether a petitioner has demonstrated prejudice is a question of law that, in turn, may depend on predicate findings of fact. *Ashley v. Hoyt*, 139 Or App 385, 395 n 8, 912 P2d 393 (1996). If the post-conviction court made such predicate findings, we are bound by them if they are supported by evidence in the record; if the post-conviction court did not expressly make such findings, we nevertheless assume that it did so in a manner consistent with its ultimate

conclusion of law. *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002).

■      In this case, whether petitioner's trial counsel or his appellate counsel exercised reasonable professional skill and judgment in regard to the imposition of consecutive sentences entails an examination of the state of the law at the relevant times. *See Peralta-Basilio v. Hill*, 203 Or App 449, 452, 126 P3d 1 (2005), *rev den*, 340 Or 359 (2006) (citing *Wells v. Peterson*, 315 Or 233, 236, 844 P2d 192 (1992)). If a lawyer exercising reasonable professional skill would have recognized the existence of an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance. *Buffa v. Belleque*, 214 Or App 39, 42, 162 P3d 376, *rev den*, 343 Or 690 (2007).

At the time that petitioner was sentenced, it had been several years since the United States Supreme Court had decided *Apprendi*, which held that, consistently with the Sixth Amendment, any fact—except the fact of a prior conviction—that increases a sentence beyond the prescribed statutory maximum sentence for a particular offense, unless admitted by the defendant, must be proved to a jury beyond a reasonable doubt. *Apprendi* said nothing however, about whether those requirements apply to the imposition of consecutive sentences, and, at that time, no state appellate court—in Oregon or elsewhere—had extended the principle to those sentences. *See State v. Tanner*, 210 Or App 70, 80-85, 150 P3d 31 (2006), *vac'd and rem'd*, 343 Or 554, 173 P3d 831 (2007) (reviewing development of law and determining that, as of the time of the court's decision in that case, an Ohio Supreme Court case decided earlier that same year was the only state appellate court case to have extended *Apprendi* principles to consecutive sentences).

In June 2004—some months after petitioner was sentenced and during the pendency of his appeal—the United States Supreme Court held in *Blakely* that, for the purpose of a sentencing scheme much like Oregon's sentencing guidelines scheme, the prescribed statutory maximum sentence for a crime is the presumptive sentence for that crime and that, accordingly, factors supporting a departure

sentence, unless admitted by the defendant, must be proved to a jury beyond a reasonable doubt. Again, however, the Court did not expressly address the application of that principle to consecutive sentences and, as discussed in *Tanner*, no state court had yet determined that they properly applied. Then, on November 10, 2004, this court determined in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), that the imposition of consecutive sentences based on facts not proved to a jury or admitted by the defendant was not error apparent on the face of the record, because the legal proposition that the Sixth Amendment required a jury to find those facts was reasonably in dispute. Five days later, petitioner's appeal was dismissed and the appellate judgment issued.[2]

Given the state of the developing law at the relevant times, we conclude that neither petitioner's trial counsel, who failed to raise the issue at sentencing in December 2003, nor petitioner's appellate counsel, who, prior to November 15, 2004, failed to advise petitioner to raise the issue on appeal, failed to exercise reasonable professional skill and judgment. Specifically, as discussed above, at the time of petitioner's sentencing in December 2003, although the United States Supreme Court had decided *Apprendi*, neither that court nor an Oregon or any other state appellate court had determined that the principles articulated therein apply to consecutive sentences. Accordingly, trial counsel was not deficient for failing to raise that issue. Because trial counsel did not raise the issue, it was not preserved for appeal; moreover, after this court decided in *Fuerte-Coria* that the imposition of consecutive sentences based on facts not found by a jury or admitted by the defendant was not plain error, appellate counsel properly determined that the issue was not raisable as such.

---

[2] In December 2006, we reached the merits of the consecutive-sentence issue in *Tanner*, holding that the Sixth Amendment did not require the facts supporting consecutive sentences to be found by a jury. In *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, _____ US _____ , 128 S Ct 1657 (2008), the Oregon Supreme Court disagreed, holding that the Sixth Amendment right to jury trial does, indeed, apply to facts supporting consecutive sentences. Because those developments in the law came after the appellate judgment in petitioner's criminal case had issued, they are not material to our analysis in this case.

In short, neither petitioner's trial counsel nor his appellate counsel failed to exercise reasonable professional skill and judgment in regard to the issue or rendered a deficient performance. *See also Chase v. Blacketter*, 221 Or App 92, 188 P3d 427 (2008) (post-conviction petitioner's criminal trial counsel did not render deficient performance by reason of failing to object to consecutive sentences on Sixth Amendment grounds). Having so concluded, we need not reach the question whether petitioner was prejudiced by counsels' performance. The post-conviction court did not err in denying petitioner's petition for post-conviction relief.

Affirmed.