Submitted May 19, affirmed July 30, petition for review denied September 12, 2008
(345 Or 301)

RICHARD S. JOHNSON,
*Petitioner-Appellant,*

*v.*

Sharon BLACKETTER,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV060977; A136200

190 P3d 440

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Schuman, Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals a judgment denying his petition for post-conviction relief. We affirm.

The relevant facts are not in dispute. In November 2004, based on a plea agreement, petitioner was convicted of three counts of sexual abuse in the second degree. At petitioner's sentencing on November 19, 2004, the court, without impaneling a jury, imposed consecutive prison sentences on all three counts, resulting in a total prison sentence of 90 months. Petitioner's trial attorney did not object to the court's actions.[1] In November 2005, petitioner's convictions were affirmed on direct appeal. He then filed this action for post-conviction relief, alleging, among other things, that his trial counsel was constitutionally inadequate for failing to object to the consecutive sentences on the ground that the state did not prove the factors supporting the imposition of consecutive sentences beyond a reasonable doubt to a jury, as required by *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). In a judgment entered in June 2007, the post-conviction court rejected all of petitioner's claims and denied the petition.

Petitioner argues that his criminal trial counsel's failure to object to the consecutive sentences on *Apprendi* and *Blakely* grounds amounted to constitutionally inadequate assistance. By the time of petitioner's sentencing, the Court in *Apprendi* had held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. *Blakely* was decided in June 2004, five months before petitioner was sentenced. In *Blakely*, the Court further held that the rule in *Apprendi* precluded judicial factfinding under a

---

[1] The sentencing court did not state on the record its reasons for imposing consecutive sentences. However, it appears likely that the court imposed consecutive sentences under ORS 137.123(2), which provides that, "[i]f a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct * * *, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences."

sentencing guidelines scheme involving departure sentences based on findings of fact. *Blakely*, 542 US at 301.[2]

In *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006), *vac'd and rem'd*, 343 Or 554 (2007), we confronted for the first time the preserved issue whether the *Blakely* holding applies to findings made pursuant to ORS 137.123 in support of consecutive sentences. In a closely divided en banc decision, we concluded that the *Blakely* holding does not apply to judicial determinations supporting consecutive sentences. In *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ____ US ____ , 128 S Ct 1657 (2008), the Oregon Supreme Court effectively overruled *Tanner*. In *Ice*, the court held that, to comply with the Sixth Amendment as interpreted in *Blakely*, a trial court cannot impose consecutive sentences under ORS 137.123(5) unless the facts required under that statute are submitted to a jury and proved beyond a reasonable doubt.

In *Chase v. Blacketter*, 221 Or App 92, 188 P3d 427 (2008), the post-conviction petitioner argued that his criminal trial counsel was inadequate for failing to object, at a sentencing proceeding held on October 7, 2004, to the trial court's imposition of consecutive sentences "on *Apprendi* and *Blakely* grounds." 221 Or App at 101. In analyzing that issue, we relied in part on this court's decision in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). In the latter case, which we decided on November 10, 2004—nine days before petitioner in this case was sentenced—we declined to review the defendant's unpreserved *Blakely* challenge to a sentencing court's imposition of consecutive sentences. As pertinent here, we observed:

> "Neither [*Apprendi* nor *Blakely*] involved consecutive sentencing. *Indeed, defendant identifies no reported decision in which any court has extended* Apprendi's *or* Blakely's *reasoning to invalidate a consecutive sentence. To the contrary, as the state points out, several courts have rejected the proposition that defendant now urges.* In all

---

[2] In *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), decided in December 2004, the court held that *Blakely* precluded judicial factfinding in support of upward departure sentences under Oregon's sentencing guidelines.

events, given that *Apprendi* and *Blakely* addressed the imposition of single sentences that exceeded the statutorily prescribed maximum for particular crimes, and because making a sentence for one crime consecutive to a sentence for a different crime does not implicate the 'statutory maximum' for either crime in any obvious way, any extension of *Apprendi* and *Blakely* to consecutive sentencing is, at best, reasonably in dispute."

*Fuerte-Coria*, 196 Or App at 174 (emphasis added; internal citations and footnote omitted). We concluded in *Chase* that, given the state of the law at the relevant time, the petitioner's post-conviction trial counsel was not inadequate. *See also Krieg v. Belleque*, 221 Or App 36, 188 P3d 413 (2008) (ascertaining state of the law at time of the petitioner's post-conviction criminal sentencing and appeal and concluding that criminal trial and appellate counsel were not deficient).

Our reasoning in *Chase* and *Krieg* is controlling here. The fact that *Fuerte-Coria*—which posed the *unpreserved* issue of whether *Blakely* applies to the imposition of consecutive sentences—was decided before petitioner here was sentenced, but after the petitioner in *Chase* was sentenced, is of no consequence to the analysis. As was the circumstance in *Fuerte-Coria*, petitioner does not cite a single appellate judicial decision in the nation that, as of November 19, 2004, had held that the rule of *Blakely* proscribed judicial factfinding with respect to the imposition of consecutive sentences. On the other hand, the courts that had considered the issue uniformly had held that *Apprendi* and *Blakely* do not apply in such circumstances. *See, e.g., U.S. v. Chorin*, 322 F3d 274, 278-79 (3d Cir), *cert den sub nom, U.S. v. Caden*, 540 US 857 (2003); *U.S. v. Buckland*, 289 F3d 558, 570-71 (9th Cir), *cert den*, 535 US 1105 (2002); *U.S. v. White*, 240 F3d 127, 136 (2d Cir 2001); *Wright v. State*, 46 P3d 395, 398 (Alaska Ct App 2002); *People v. Allen*, 78 P3d 751 (Colo Ct App 2001); *People v. Wagener*, 196 Ill 2d 269, 752 NE2d 430, *cert den*, 534 US 1011 (2001); *Cowens v. State*, 817 NE2d 255, 255 (Ind Ct App 2004); *State v. Jacobs*, 644 NW2d 695, 698-99 (Iowa 2001); *State v. Bramlett*, 273 Kan 67, 41 P3d 796 (2002); *Com. v. Lepper*, 60 Mass App Ct 36, 798 NE2d 1030 (2003); *State v. Higgins*, 149 NH 290, 821 A2d 964 (2003).

Under those circumstances, petitioner's trial counsel did not render a deficient performance by reason of failing to raise the issue at petitioner's sentencing. *Cf. Miller v. Lampert*, 340 Or 1, 13-17, 125 P3d 1260 (2006) (where the petitioner's enhanced dangerous offender sentence had been imposed in August 1998, criminal defense counsel was not unconstitutionally inadequate in failing to anticipate *Apprendi*, based on the then-existing state of the law); *Peralta-Basilio v. Hill*, 203 Or App 449, 126 P3d 1 (2005), *rev den*, 340 Or 359 (2006) (where the petitioner's upward departure sentence was imposed in 2002, after *Apprendi* and before *Blakely*, criminal defense counsel was not unconstitutionally inadequate in failing to anticipate *Blakely*).

Affirmed.