Submitted on remand from the Oregon Supreme Court October 29, 2008, remanded for resentencing; otherwise affirmed April 15, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MIGUEL ANGEL FLORES,
*Defendant-Appellant.*

Lane County Circuit Court
20-03-05629, 20-03-20422A;
A123602 (Control), A123603

206 P3d 279

Herbert G. Evans for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Flores*, 207 Or App 49, 139 P3d 974 (2006) (*Flores I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Flores*, 345 Or 316, 195 P3d 62 (2008). In *Flores I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Flores I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted in two cases of a variety of drug offenses. In case number 20-03-05629, defendant was convicted of unlawful delivery of a controlled substance, two counts of unlawful possession of a controlled substance, and two counts of unlawful delivery of controlled substances to a minor. In case number 20-03-20422A, defendant was convicted of two counts of unlawful possession of a controlled substance. On the first count in case number 20-03-20422A, the trial court sentenced defendant to a dispositional departure sentence of six months' imprisonment based on defendant's persistent involvement in similar offenses. The court explained that, although defendant did not have a criminal record before his convictions in those two cases, the convictions in case number 20-03-05629 demonstrated defendant's "persistent involvement in similar offenses," thus justifying the imposition of the departure sentence in case number 20-03-20422A.

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and

frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

The dispositional departure sentence in case number 20-03-20422A was imposed on defendant's conviction for unlawful possession of a controlled substance. As the trial court observed, when defendant committed the crimes subject to case number 20-03-20422A, he had *no* prior convictions. As *Bray* makes clear, a finding of persistent involvement is predicated on a defendant having two or more *prior* convictions. *Bray*, 342 Or at 724. The trial court's reliance on defendant's convictions in case number 20-03-05629 to demonstrate persistent involvement was erroneous because those convictions were for criminal conduct defendant committed *after* he committed the offenses in case number 20-03-20422A. Accordingly, we cannot conclude that there is no legitimate debate that the jury would have drawn the inference required by *Bray*. Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the dispositional departure sentence in this case resulted in defendant receiving an incarceration term of six months, rather than the presumptive sentence of probation.

Remanded for resentencing; otherwise affirmed.