Submitted February 24, 2010, affirmed January 12, petition for review denied
April 7, 2011 (350 Or 230)

NORMAN G. REED,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A136341

245 P3d 1287

Peter Gartlan, Chief Defender, and Brandon G. Williams, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for petitioner.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Schuman, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision setting his terms of parole supervision. Petitioner argues that the board did not have authority to impose parole supervision because he was released from confinement after his "good time" release date. Because he did not preserve that argument, we affirm.

Petitioner committed first-degree rape in 1985 and was convicted of that crime in 1991. The trial court sentenced petitioner to 20 years, including a 10-year minimum period of confinement under ORS 144.110 (1985). At the time of sentencing, petitioner was being held at a federal penitentiary on unrelated federal charges. In 1992, the board established a tentative parole release date of December 12, 2001, and a possible "good time" release date of June 13, 2004, both dates necessarily dependent on future review of petitioner's file. Petitioner remained in federal custody until October 2006. Shortly thereafter, the board ordered parole supervision conditions pertaining to the Oregon rape conviction.

Petitioner sought board review of that order. Petitioner argued that, under the 1985 sentencing statutes, the board had no "legal standing" or authority to order mandatory parole. Petitioner contended that the board, by placing him on parole, had erroneously applied the 1989 sentencing guidelines and that, under the 1985 statutes, properly applied, he had "served more th[an] enough time for a full discharge on the 20 year sentence [he] received." Petitioner did not explain why he believed that, under the 1985 statutes, he had served enough time.

The board responded to petitioner's request for review, stating that it had, in fact, applied sentencing statutes that were in effect in 1985. Specifically, under ORS 144.050 (1983) and ORS 144.270(2) (1983), the board was authorized to place an inmate on parole and to set the terms and conditions of parole. The board noted that petitioner had served "little more than 16 years" of his 20-year sentence and, therefore, petitioner's argument that he had served more than enough time was without merit.

■ On review, petitioner makes a new argument as to why the board did not have authority to impose parole on him. He contends that, because he was confined, albeit in federal prison, through the date of his "good time" release date, under *Erbs v. Board of Parole*, 90 Or App 253, 256, 752 P2d 318 (1988), the board did not have authority to impose parole and, instead, petitioner was entitled to a complete discharge. Petitioner asserts that that argument was preserved because the "essence" of it, namely, whether the board had authority to impose parole, was addressed by the parties. Although the board does not address whether petitioner's argument is preserved in its responding brief, "we have a prudential obligation to determine *sua sponte* whether a contention has been preserved for appellate review." *State v. Walker*, 234 Or App 596, 606, 229 P3d 606, *rev allowed*, 349 Or 56 (2010).

■ The preservation requirements established in ORAP 5.45(1) apply to review of a board final order. *Larsen v. Board of Parole*, 206 Or App 353, 366, 138 P3d 16 (2006). Under *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000), our preservation analysis involves a pragmatic approach, addressing whether the party provided the agency "with an explanation of his or her objection that is specific enough" so that the agency can "identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."

In this case, although petitioner did argue that the board did not have authority to place him on parole, he made no mention of the argument he now raises on judicial review. Petitioner's original argument was simply too general to alert the board to the more specific argument that he now asserts. Petitioner's original request for board review focused only on his contention that the board had applied the wrong sentencing statutes. Petitioner made no mention of his current argument regarding the implications of his confinement past his "good time" release date. If he had done so, the board would have had the opportunity to respond to that argument in the first instance. Therefore, petitioner's argument is unpreserved, and we do not consider it on review.

Affirmed.