Argued and submitted March 22, 2012, affirmed February 6, petition for review denied July 3, 2013 (353 Or 788)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TROY JAMES MOLETTE,
aka Troy James Malette,
*Defendant-Appellant.*

Marion County Circuit Court
09C47991; A144809

296 P3d 594

Peter Gartlan, Chief Defender, Office of Public Defense Services, argued the cause and filed the brief for appellant.

Matthew J. Lysne, Assistant Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment sentencing him to the presumptive sentence of life imprisonment without the possibility of release or parole, ORS 137.719, following his conviction for second-degree sexual abuse, ORS 163.375. The trial court determined that defendant had been sentenced to two prior felony sex crimes. Defendant argues that the trial court lacked authority to impose the presumptive sentence under ORS 137.719 because the state failed to prove the predicate facts, *i.e.*, that he had received two prior sentences for felony sex crimes. Defendant also argues that the trial court erred by imposing the presumptive sentence based on an incorrect understanding of the range of sentencing options available under ORS 137.717. Neither argument on appeal was presented to the trial court. We conclude that neither argument was preserved nor qualifies as plain error. We therefore affirm.

The relevant facts are largely procedural. In 2010, defendant, following a jury trial, was convicted of second-degree sexual abuse for knowingly subjecting an 18-year-old female to sexual intercourse without her consent. After finding defendant guilty, the jury considered additional questions during the penalty phase, and the jury returned a special sentencing verdict, finding that (1) defendant had prior felony convictions for indecency with a child and sexual assault; (2) prior criminal sanctions had not deterred defendant; (3) defendant had been persistently involved in similar criminal activity; and (4) incarceration was necessary for public safety.

At sentencing, the state asked the court to impose the presumptive sentence of life imprisonment without the possibility of release or parole under ORS 137.719, which requires proof that defendant had been sentenced for at least two prior felony sex crimes. The state offered into evidence certified copies of defendant's convictions for two prior felony sex crimes in Texas. Defendant did not object to the exhibits. The exhibits established that, in 1995, defendant was convicted of indecency with a child for having sexual intercourse with a child under the age of 14. In 1997, he was convicted of sexual assault for forcibly having sexual

intercourse with a woman. In each case, the court entered an "Unadjudicated Judgment on Plea of Guilty or *Nolo Contendere* and Suspending Imposition of Sentence." Both judgments accepted defendant's guilty pleas and concluded that the evidence in the record substantiated his guilt. Each judgment suspended the imposition of sentence and placed defendant on probation. Defendant received eight years of probation for the 1995 conviction and five years of probation for the 1997 conviction. After defendant completed each term of probation, the convictions were dismissed.

At sentencing in this case, defendant did not challenge the court's authority to impose the statutory presumptive sentence. Rather, defendant argued to the trial court that it should not impose the presumptive life imprisonment, because the jury declined to convict him of rape[1] and the Texas courts evidently concluded that his 1995 and 1997 convictions were not significant enough to impose a prison sentence. Defendant also asked the court to consider that second-degree sexual abuse is a Class C felony, punishable up to five years under ORS 161.605, and that, under the sentencing guidelines defendant would be sentenced under the guidelines 7-B.[2] In addition, defendant argued that Article I, section 16, of the Oregon Constitution requires all penalties to be proportional to the offense, including Measure 11 offenses. Finally, defendant noted that the court could impose a downward departure sentence rather than the presumptive life sentence under ORS 137.719, although defendant did not specify the range of a valid departure sentence. The state argued that the trial court should impose the presumptive sentence of life imprisonment without the possibility of release or parole. The state informed the trial court that any departure from the statutory presumptive sentence under ORS 137.719 would result in a sentence based solely on the sentencing guidelines for second-degree sexual abuse, a Class C felony. Further, the maximum upward departure sentence for a person in guideline 7-B would be 60 months. Defendant

---

[1] Defendant was charged with first-degree rape but the jury returned a guilty verdict for second-degree sexual abuse, a lesser included crime.

[2] According to defendant, guideline 7-B has a presumptive range of 25-30 months under the guidelines.

did not object to that assertion, other than to note that a 60-month departure sentence would preclude parole or post-prison supervision. The following exchange concluded the sentencing proceeding:

"The Court:   Well, I think I'm forced to give him life then.

"[Defendant's Counsel]:   Is the Court addressing the constitutional argument regarding proportionality?

"The Court:   Well, the statute kind of forces me to do it, you know. If somebody wants to overrule the statute, it's not going to be me. You know, given my druthers, I would like to give him about 25 years.

"[Defendant's Counsel]:   Understood, Your Honor.

"The Court:   Okay."

On appeal, defendant argues, for the first time, that the trial court lacked authority to impose the statutory presumptive sentence because the Texas judgments were not sentences. Defendant emphasizes that the Texas courts entered "Unadjudicated Judgments" that *suspended the imposition of sentence* and placed defendant on probation. At oral argument, defendant also contended that, without adjudication, there could not have been a sentence. Defendant recognized that those arguments were not presented to the trial court but contended that the trial court's error constituted plain error under *Gordon v. Hall*, 232 Or App 174, 221 P3d 763 (2009). We will begin by considering whether the arguments were preserved and, if not, whether they qualify as plain error.

Defendant did not argue to the trial court that it lacked statutory authority under ORS 137.719 to sentence defendant to life imprisonment without the possibility of release because there were not the prior two sentences for felony sex crimes. This argument was not preserved. This court will not consider an unpreserved claim of error unless the claim of error is plain error.

"No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate

court may consider an error of law apparent on the record." ORAP 5.45(1); *see Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). Three requirements are necessary to constitute plain error—that is, error apparent on the record: "(1) the error is one of law; (2) the point of law is obvious, *i.e.*, is not reasonably in dispute; and (3) the error is not one respecting which the court must go outside the record or select among competing inferences." *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). Even if those requirements are present, the court must determine whether the case is an appropriate one for the court to exercise its discretion because we must employ utmost caution before deciding an unpreserved error. *State v. Barboe*, 253 Or App 367, 376, 290 P3d 833 (2012).

In *Gordon*, we reversed the post-conviction court's denial of relief where the petitioner's trial counsel had failed to challenge the sufficiency of evidence in the record to impose a life sentence under ORS 137.719(1). *Gordon*, 232 Or App at 176-77, 183. ORS 137.719(1), then and now, provides, "The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence." The petitioner argued to the post-conviction court, *inter alia*, that a 1967 California proceeding, on which the state relied as evidence of a predicate sentence, did not result in the imposition of a "sentence" because sentencing was suspended when the petitioner was placed on probation, and the state presented no evidence that he violated the terms of his probation. *Id.* at 177, 185. The record in *Gordon* included a certified copy of the 1967 conviction, showing that the petitioner pleaded guilty to rape and that the court suspended proceedings and ordered probation. *Id.* at 178-79. When the petitioner completed his term of probation in 1970, the court entered an order setting aside the guilty plea, entering a not guilty plea, and dismissing the information or complaint. *Id.* at 179. The post-conviction court held that the 1967 proceeding was a sufficient predicate for purposes of ORS 137.719 because, "'under California law[,] even dismissed sex crimes may be utilized at sentencing proceedings for other crimes.'" *Id.*

On appeal, we considered the legislature's intended meaning of the term "sentence" in ORS 137.719 and determined that it referred to dispositions that were "sentences" at the time of their imposition.[3] *Id.* at 186. In 1967, probation was not considered a sentence under either Oregon or California law. *Id.* at 187. Therefore, we concluded that the 1967 proceeding did not constitute a predicate sentence within the meaning of ORS 137.719(1). *Id.* Accordingly, we determined that the petitioner was prejudiced because his counsel did not provide adequate and effective legal assistance at sentencing. *Id.* at 188.

It is undisputed that for crimes committed after November 1, 1989, a term of probation is a sentence within the meaning of ORS 137.719. *See Gordon*, 232 Or App at 185-86; *Holcomb v. Sunderland*, 321 Or 99, 104, 894 P2d 457 (1995) ("The 1989 and 1993 revisions to the sentencing statutes now make it clear that a judgment of probation is the imposition of a sentence."); *State v. Hamlin*, 151 Or App 481, 487, 950 P2d 336 (1997), *rev den*, 327 Or 173 (1998) ("With the passage of the sentencing guidelines, * * * [p]robation is no longer the suspension of a sentence; probation *is* the sentence."). The Texas courts imposed probation on defendant for crimes committed in 1995 and 1996, years after November 1, 1989. *Gordon* does not address whether the predicate sentences to impose the presumptive sentence under ORS 137.719(1) are determined under Oregon law, the law of the sentencing state, or both. The law in Oregon that applied in *Gordon* to the petitioner's 1967 proceeding does not apply to defendant's two prior felony sex crimes. Nonetheless, defendant argues that the law in Texas remains that, when a defendant in Texas is placed on probation, the conviction becomes final only when the probation is revoked and a sentence imposed. *Murphy v. State*, 689 SW 2d 341 (Tex App 1985). Because defendant's probation was never revoked, no sentence was ever imposed. Defendant acknowledges that, as it now exists and as it

---

[3] We also determined that the plain text of ORS 137.719 unambiguously establishes that prior *sentences*, and not prior *convictions*, are the predicate facts that would lead to the imposition of the presumptive life imprisonment sentence. *Gordon*, 232 Or App at 181-82. We concluded that the petitioner's trial counsel should have argued that ORS 137.719(1) was inapplicable. *Id.* at 183.

existed in 1995 and 1996, under current Oregon law, when a defendant is adjudicated and the court imposes probation, probation is a sentence.

At most, there is a conflict between Oregon law and Texas law at the time the Texas courts imposed probation. We decline to determine whether a "sentence" for purposes of ORS 137.719 refers to that term under Oregon law or the law of Texas. At a minimum, based on the state's arguments, it is reasonably disputed whether there was any error. Because it is defendant's task to establish that the point of law is obvious, and defendant failed to establish that, defendant's argument does not qualify as plain error.[4]

Defendant further argues that, even if he is subject to the presumptive sentence under ORS 137.719, the trial court erred by imposing that sentence under the mistaken belief that a departure sentence under ORS 137.719(3) could be no greater than the maximum sentence in defendant's grid block. According to defendant, the court had discretion under OAR 213-008-0003 to impose a term of any duration less than the presumptive life imprisonment sentence. As previously noted, that argument was not preserved. *See Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977) ("A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made."); *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (holding that objection must be "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). At sentencing, defendant argued that the trial court could impose a departure sentence, but defendant did not object to the state's assertion that the maximum departure sentence was 60 months. On appeal, defendant offers no case law to support the conclusion that the court plainly erred by

---

[4] Defendant raised, for the first time at oral argument, another reason to conclude that the error is plain—because the charges against defendant in Texas were unadjudicated, and Oregon law recognizes that probation in that context is a diversion, not a sentence. ORS 135.891. We decline to consider an argument presented for the first time at oral argument. *State v. Thompson*, 251 Or App 595, 602, 284 P3d 559 (2012).

accepting that restriction. For this reason, we conclude that defendant failed to establish plain error.

Affirmed.