JAMES, J.
*437 Petitioner petitions for judicial review of a decision by the Board of Parole and Post-Prison Supervision setting a 169-month post-prison supervision term. Petitioner assigns error to the board's time calculation, wherein the board did not subtract petitioner's time served on his probationary sentence, prior to his probation revocation sanction, from the post-prison supervision (PPS) term the board imposed upon petitioner's completion of his prison sentence. We affirm the board's order.
The relevant facts are not disputed. When petitioner was sentenced in October 1995 for two counts of first-degree unlawful sexual penetration, ORS 163.411, petitioner's sentencing guideline gridblock was calculated as 10A, which provided for a presumptive sentence of imprisonment. Petitioner instead received a downward dispositional departure sentence of 20 years' probation.[1] The statutory maximum indeterminate sentence for petitioner's crimes of conviction is 20 years. ORS 161.605. In 2009, petitioner's probation was revoked and the court imposed a revocation sanction of 88 months in prison and 20 years PPS, "less credit for time served." In 2015, petitioner was released to PPS, and the board, in an Order of Supervision Conditions, set a 169-month PPS term, to expire in 2029. In its order, the board did not specify how it calculated the term, nor what authority it relied upon in reaching the calculation.
Petitioner sought administrative review of his 169-month term of PPS following his release, arguing that the term was "unlawfully long." Specifically, petitioner argued that the 169-month PPS order was "in violation of the maximum statutory limit of 20 years." Petitioner, relying upon ORS 144.103(1), summarized his argument as a challenge to the " 'Order of Supervision Conditions' interpretation of 'less time served' to mean only that time that [petitioner] spent in prison thus denying the 162 months [petitioner] served towards [his original sentence] on probation." The board, in its Administrative Review Response (ARR), responded, in relevant part:
*438 "The Board concludes that your argument regarding the inclusion of your time spent on probation for purposes of calculating your 'term of imprisonment' pursuant to ORS 144.103 (1992) is incorrect."[2]
*526 The board denied petitioner relief. Petitioner then sought judicial review.
On judicial review, petitioner argues that the time he served on probation should count towards the statutory maximum sentence and assigns error to the board imposing a 169-month term of PPS. However, on judicial review, petitioner identifies a different source of law for his contention, former OAR 253-05-002(4) (Sept. 1, 1989), renumbered as OAR 213-005-0002(4) (Mar 8, 1996):[3]
"The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum sentence, the sentencing judge shall reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."
Former OAR 253-05-002(4) (1989). Before addressing petitioner's substantive arguments, we first consider the state's contention that petitioner failed to preserve the argument he makes on judicial review.
The preservation requirements established in ORAP 5.45(1) apply to review of a board final order. Larsen v. Board of Parole , 206 Or.App. 353, 366, 138 P.3d 16 (2006). In determining whether a claim of error is sufficiently preserved, we examine whether the party provided the agency "with an explanation of his or her objection that is specific enough" so that the agency can "identify its alleged error with enough *439 clarity to permit it to consider and correct the error immediately, if correction is warranted." State v. Wyatt , 331 Or. 335, 343, 15 P.3d 22 (2000) ; see also Reed v. Board of Parole , 240 Or.App. 353, 356, 245 P.3d 1287, rev. den. , 350 Or. 230, 253 P.3d 1079 (2011) (holding that petitioner's original argument was too general to alert the board to the specific argument petitioner asserted on appeal though the essence of the argument was the same).
One "purpose of preservation is 'to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument.' " State v. Blasingame , 267 Or.App. 686, 690, 341 P.3d 182 (2014), rev. den. , 357 Or. 299, 353 P.3d 594 (2015) (quoting State v. Whitmore , 257 Or.App. 664, 666, 307 P.3d 552 (2013) ). Under the framework set out in State v. Hitz , 307 Or. 183, 766 P.2d 373 (1988), the descending hierarchy of importance in evaluating whether an issue is preserved is first and most important, identifying the issue; second, and less important, identifying the source of law; and third, and least important, the particular argument. Id. at 188, 766 P.2d 373. "[I]t is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised." State v. Stevens , 328 Or. 116, 122, 970 P.2d 215 (1998).
Adducing particular authorities is not a prerequisite to preservation. Charles v. Palomo , 347 Or. 695, 701, 227 P.3d 737 (2010) ; State v. Walker , 350 Or. 540, 549, 258 P.3d 1228 (2011). As the Supreme Court has noted, "[u]ltimately, the preservation rule is a practical one, * * * [looking to whether] the policies underlying the rule have been sufficiently served." State v. Parkins , 346 Or. 333, 341, 211 P.3d 262 (2009).
Here, although the identification of the source of law on judicial review differs from the source petitioner cited to the board in his request for administrative review, the issue and argument remain the same-time served on probation should be included in the calculation towards the statutory maximum sentence, and the PPS term imposed exceeded the statutory maximum. Further, it is worth *440 noting that, when petitioner filed his request for administrative review with the board, petitioner was responding to a board *527 order that cited no statute or OAR that would indicate what authority the board relied upon in reaching its calculation.
Ultimately, the board's response to petitioner's request for administrative review indicates the board understood that petitioner was contesting the exclusion of his time spent on probation in the board's calculation of petitioner's PPS. That is, petitioner identified the issue with enough clarity that it does not appear that the board would have been taken by surprise, misled, or denied the opportunity to meet petitioner's argument. Wyatt , 331 Or. at 343, 15 P.3d 22 ; Blasingame , 267 Or.App. at 690, 341 P.3d 182. We therefore conclude that petitioner preserved his argument.
Turning to the merits of petitioner's argument, orders of the board are subject to judicial review under ORS 144.335(1), and we review those orders under the standards set out in ORS 183.482(8), including for whether an agency has erroneously interpreted a provision of law. See ORS 144.335(3) ; ORS 183.482(8)(a). Petitioner argues that a sentence of probation is subject to the statutory indeterminate maximum sentence under ORS 137.012. Further, he argues that probation is a "sentence" and that former OAR 253-05-002(4) (1989) explicitly states that the "total duration of any sentence" may not exceed the statutory maximum as limited in ORS 161.605. Therefore, a PPS term imposed as part of a revocation sentence must subtract the time spent serving a probationary sentence. Petitioner acknowledges that former OAR 253-05-002(4) (1992) includes the parenthetical "(prison incarceration and post-prison supervision)," but he argues that "[t]hat rule was written to apply to a term of PPS imposed at an original sentencing hearing, not upon revocation."
The board responds that its order is consistent with former OAR 253-05-002(4) (1989) because the parenthetical in that rule specifies "prison incarceration and post-prison supervision" when it refers to the "sentence" to be calculated.
The text of former OAR 253-05-002(4) (1989), which is part of the felony sentencing guidelines, reads:
*441 "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum sentence, the sentencing judge shall reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."
Former OAR 253-05-002(4) (1989).
In analyzing the meaning of "sentence" as referred to in former OAR 253-05-002(4) (1989), we examine the text, in context, and, where appropriate, legislative history of the OAR, and relevant canons of construction. State v. Gaines , 346 Or. 160, 171-73, 206 P.3d 1042 (2009). We apply these principles of statutory construction to the OAR in this case because,
"[i]n 1985, the legislature created the Oregon Criminal Justice Council (Council) to develop a series of sentencing guidelines.[4] Or. Laws 1985, ch. 558, § 2. The Council developed the Felony Sentencing Guidelines * * *. Although the sentencing guidelines were created as administrative rules, the legislature approved them in 1989, giving them the authority of statutory law. Or. Laws 1989, ch. 790, § 87."
State v. Langdon , 330 Or. 72, 74, 999 P.2d 1127 (2000) (internal citations omitted; footnote in original); see also ORS 137.667(2) (requiring the commission to submit amendments to the sentencing guidelines to the Legislative Assembly for its approval).
At the outset, the plain text of former OAR 253-05-002(4) (1989) indicates that the parenthetical that follows the word "sentence" is definitional. That is, it confines the meaning of the term "sentence" to prison incarceration and post-prison supervision. The parenthetical is not an open list, nor does it contemplate other types of sentences. The legislature knows of the existence of probation, *528 and could have included it in the parenthetical. Its absence is meaningful. *442 Nonetheless, petitioner contends that the interpretation of "sentence" for purposes of OAR 235-05-002(4) (1989) should be controlled by our decision in State v. Molette , 255 Or.App. 29, 34, 296 P.3d 594, rev. den. , 353 Or. 788, 304 P.3d 467 (2013), where we held that "[i]t is undisputed that for crimes committed after November 1, 1989, a term of probation is a sentence within the meaning of ORS 137.719." That argument is not well taken. What does, or does not, constitute a sentence in Oregon is highly context specific, dependent upon the particular source of law at issue. The legislature can, and has, modified what constitutes a sentence over time. See, e.g. , Holcomb v. Sunderland , 321 Or. 99, 104, 894 P.2d 457 (1995) ("The 1989 and 1993 revisions to the sentencing statutes now make it clear that a judgment of probation is the imposition of a sentence."); State v. Hamlin , 151 Or.App. 481, 487, 950 P.2d 336 (1997), rev. den. , 327 Or. 173, 966 P.2d 218 (1998) ("With the passage of the sentencing guidelines, * * * [p]robation is no longer the suspension of a sentence; probation is the sentence.") (emphasis in original). Because sentencing is statutory, the legislature can define "sentence" differently, depending on the statutory context. Molette spoke only to the use of the term for purposes of ORS 137.719, not the rule at issue here, which unambiguously cabins the term "sentence" to mean only prison incarceration and post-prison supervision.
Additionally, the context of former OAR 253-05-002(4) (1989) supports the conclusion that the legislature did not intend to include probation in its definition of "sentence" in that rule. Because petitioner was given a probationary sentence that was a downward departure, and his probation was revoked, former OAR 253-10-002(2) and (3) (Sept. 1, 1989), renumbered as OAR 213-010-0002(2) and (4) (Mar 8, 1996) as well as former OAR 253-05-002(4) (1989), are implicated.[5] Both rules provide for procedures pertaining to probation revocation sanctions, and PPS procedures resulting from a revocation of probation. Former OAR 253-10-002 (1989) reads, in pertinent part:
*443 "(2) For those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially.
"(3) When imposing a revocation sanction, the sentencing judge shall also set a term of post-prison supervision in accordance with [former OAR 253-05-002."
Former OAR 253-10-002(2), (3) (1989).
We have noted that "once a probationary sentence is executed, [former OAR 253-10-002 (1989) ] limits the revocation sanction, with respect to the prison term assigned, to those that flow from the gridblock used at the time of sentencing ." State v. Anderson , 243 Or.App. 222, 227, 258 P.3d 1244, rev. den. , 350 Or. 716, 260 P.3d 494 (2011) (quoting State v. Bolf , 217 Or.App. 606, 609, 176 P.3d 1287 (2008) ) (internal quotation marks omitted; emphasis in original). There is no provision for considering the time spent on probation as a reduction against the maximum incarcerative sentence. The legislative scheme contemplates that the full incarcerative sentence available under the original gridblock is available no matter how much probation has been served. If the full gridblock incarcerative sentence can be imposed, regardless of time spent on probation, it likewise follows that the probationary term does not diminish the nonincarcerative PPS term.
In sum, the plain text of former OAR 253-05-002(4) (1989), as well as contextual rules, establish that time spent on probation is not included as part of the calculation of the statutory maximum sentence, nor the duration of the term of PPS. Accordingly, the board did not err when it declined to include the time petitioner spent on probation prior *529 to his revocation in the calculation of petitioner's PPS term.
Affirmed.

Petitioner was also sentenced to 120 months' probation on one count of sexual abuse in the first degree, ORS 163.427 (1991), amended by Or. Laws 1995, ch. 657, § 11.

Petitioner did argue to the board that ORS 144.103(1)'s use of the term "imprisonment" should be understood to include probation. However, petitioner's argument was clearly understood by the board to mean that the time he spent on probation should be considered part of his statutory maximum limit.

Former OAR 253-05-002 (1989) has been renumbered since petitioner committed his crimes. In this opinion, we cite to former OAR 253-05-002 (1989) because that was the version of the rule in effect at the time when petitioner committed his crimes.

The legislature later restructured the Council and renamed it the Oregon Criminal Justice Commission. Or. Laws 1995, ch. 420, § 1.

Former OAR 253-10-002 (Sept. 1, 1989), has been renumbered since petitioner committed his crimes. In this opinion, we cite to the former OAR 253-10-002(2) and (3) (1989) because that was the version in effect at the time petitioner committed his crimes.