JAMES, J.
*427 *381 Petitioner appeals a judgment denying his petition for post-conviction relief. Petitioner was convicted of second-degree sex abuse, ORS 163.425, and sentenced to life in prison under Oregon's repeat sex offender sentencing statute, ORS 137.719, which states, in part:
"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.
"*****
"(3) For purposes of this section:
"(a) Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and
"(b) A prior sentence includes:
"(A) Sentences imposed before, on or after July 31, 2001; and
"(B) Sentences imposed by any other state or federal court for comparable offenses."
On appeal, petitioner raises two assignments of error. We write to address only petitioner's first assignment, rejecting his second without discussion. Petitioner assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective in failing to object to the court's imposition of a lifetime sentence under ORS 137.719 because the statutory predicates for such a sentence were absent. Specifically, petitioner argues that his two prior Texas adjudications were not "sentences" under the meaning of ORS 137.719. On review, we determine that trial counsel's performance was constitutionally inadequate and ineffective, and that counsel's deficiency prejudiced petitioner. Accordingly, we reverse the decision of the post-conviction court.
*428 The facts surrounding petitioner's conviction and sentence were set forth in our opinion from the direct appeal:
"In 2010, [petitioner], following a jury trial, was convicted of second-degree sexual abuse for knowingly subjecting an 18-year-old female to sexual intercourse without her consent. After finding [petitioner] guilty, the jury considered additional questions during the penalty phase, and the jury returned a special sentencing verdict, finding that (1) [petitioner] had prior felony convictions for indecency with a child and sexual assault; (2) prior criminal sanctions had not deterred [petitioner]; (3) [petitioner] had been persistently involved in similar criminal activity; and (4) incarceration was necessary for public safety.
"At sentencing, the state asked the court to impose the presumptive sentence of life imprisonment without the possibility of release or parole under ORS 137.719, which requires proof that [petitioner] had been sentenced for at least two prior felony sex crimes. The state offered into evidence certified copies of [petitioner]'s convictions for two prior felony sex crimes in Texas. [Petitioner] did not object to the exhibits. The exhibits established that, in 199[6], [petitioner] was convicted of indecency with a child for having sexual intercourse with a child under the age of 14. In 1997, he was convicted of sexual assault for forcibly having sexual intercourse with a woman. In each case, the court entered an 'Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence.' Both judgments accepted [petitioner]'s guilty pleas and concluded that the evidence in the record substantiated his guilt. Each judgment suspended the imposition of sentence and placed [petitioner] on probation. [Petitioner] received eight years of probation for the 199[6] conviction and five years of probation for the 1997 conviction. After [petitioner] completed each term of probation, the convictions were dismissed."
State v. Molette , 255 Or. App. 29, 30-31, 296 P.3d 594, rev. den. , 353 Or. 788, 304 P.3d 467 (2013).
*382 The court imposed the presumptive sentence of life imprisonment without the possibility of parole. On direct appeal, we affirmed the petitioner's conviction and sentence, noting that petitioner's argument that he was not subject to the presumptive sentence under ORS 137.719(1) because the *429 Texas adjudications were not sentences was unpreserved. Molette , 255 Or. App. 29, 296 P.3d 594. We concluded that "[a]t a minimum, based on the state's arguments, it is reasonably disputed whether there was any error. Because it is defendant's task to establish that the point of law is obvious, and defendant failed to establish that, defendant's argument does not qualify as plain error." Id . at 35, 296 P.3d 594.
Petitioner filed a petition for post-conviction relief in 2014 and an amended petition later that same year. In his amended petition, petitioner argued that his
"sentence of imprisonment and post-prison supervision was and is illegal. The proceedings giving rise to the sentence resulted in a substantial denial of Petitioner's rights in violation of ORS 138.530. Petitioner was prejudiced in that he was denied adequate assistance of counsel, under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Section 11, of the Oregon Constitution, because trial counsel failed to exercise reasonable professional skill and judgment in the following areas:
"(1) Trial counsel failed to argue at sentencing and failed to preserve the argument for appeal that the trial court lacked authority to impose a life sentence because the statutory predicates for such a sentence were absent pursuant to ORS 137.719. The two prior Texas probations do not qualify as 'sentences.' "
The post-conviction court concluded that trial counsel was ineffective and inadequate for "failing to raise the issue of whether the two prior Texas convictions were proper predicate convictions under ORS 137.719."[1] According to the post-conviction court, petitioner's "trial attorney should have been aware of" our decision in Gordon v. Hall , 232 Or. App. 174, 221 P.3d 763 (2009).
In Gordon , we held that the petitioner's probation judgment in 1967 was not a "sentence" under either Oregon *430 or California law in 1967, and the petitioner's prior probation in California could not be used as a factual predicate for the purpose of ORS 137.719. Id . at 187, 221 P.3d 763. Gordon did not determine which state's laws, or whether it was both, persuaded us that the factual predicate in that case was not a sentence. This left open the question as to which state's laws would apply if there was a conflict of laws at the time of the judgment.
The post-conviction court found that, "[c]ounsel should have raised that issue at sentencing and preserved the matter for appeal. His failure to do so at a minimum prevented the issue from being addressed by the Court of Appeals." However, the post-conviction court held that petitioner was not prejudiced by counsel's failure to object because a challenge to the presumptive sentence under ORS 137.719 would have been unsuccessful at both the trial and appellate courts had that argument been preserved.
On appeal, both petitioner and the state, following the post-conviction court's ruling, focus their arguments on prejudice. Petitioner argues only briefly as to the performance of trial counsel, asserting that, "[w]ith an obvious benefit to petitioner and no downside to raising the argument, trial counsel should have argued and preserved the issue at the trial court level." The state, in its briefing before us, does not challenge the post-conviction court's conclusion that trial counsel was inadequate or ineffective, but rather "assumes for the sake of argument (without conceding) that petitioner's trial counsel was inadequate for failing to object." Like petitioner, the state focuses on prejudice, arguing that the post-conviction court properly denied relief because an objection to the use of the Texas adjudications as predicate sentences for felony sex crimes would not have *383 succeeded. According to the state, the term "sentence" in ORS 137.719 refers to a sentence under Oregon law, and at the time petitioner's probations were imposed in Texas, probation was a sentence in Oregon.
"We review a post-conviction court's judgment for errors of law appearing on the record and for evidence to support its findings." Gordon , 232 Or. App. at 176, 221 P.3d 763. To prevail on a post-conviction claim of inadequate assistance of counsel *431 under Article I, section 11, of the Oregon Constitution, "petitioner must establish, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment based on the law at the time of sentencing and that counsel's failure had a tendency to affect the result of the criminal trial, that is, that petitioner suffered prejudice as a result." Chase v. Blacketter , 221 Or. App. 92, 96, 188 P.3d 427, rev. den. , 345 Or. 381, 195 P.3d 911 (2008). The "Sixth Amendment to the United States Constitution requires a similar showing. To show that counsel was inadequate under the Sixth Amendment, a petitioner must demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' under 'prevailing professional norms' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Gordon , 232 Or. App. at 180, 221 P.3d 763 (quoting Strickland v. Washington , 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ); Montez v. Czerniak , 355 Or. 1, 6-7, 322 P.3d 487, adh'd to as modified on recons ., 355 Or. 598, 330 P.3d 595 (2014) (recognizing that "the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution").
The parties are in agreement that the central question presented in this case is whether the Texas adjudications resulted in a "sentence" for purposes of ORS 137.719. To answer that question, we first examine how petitioner's probation was categorized by the state in both Oregon and Texas. At the time of petitioner's Texas judgments, probation was unambiguously a sentence in Oregon. Molette , 255 Or. App. at 34, 296 P.3d 594 ; State v. Hamlin , 151 Or. App. 481, 487, 950 P.2d 336 (1997), rev. den. , 327 Or. 173, 966 P.2d 218 (1998) ("With the passage of the sentencing guidelines, *** [p]robation is no longer the suspension of a sentence, probation is the sentence." (Emphasis in original.) ); Holcomb v. Sunderland , 321 Or. 99, 104, 894 P.2d 457 (1995) ("The 1989 and 1993 revisions to the sentencing statutes now make it clear that a judgment of probation is the imposition of a sentence.").
However, at the time of petitioner's Texas adjudications, probation was referred to in the Texas Code of Criminal *432 Procedure as "community supervision." Community supervision was defined in the Code as:
"[T]he placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period of time during which:
"(A) criminal proceedings are deferred without an adjudication of guilt; or
"(B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part."
Tex. Code Crim. Proc. Ann. art. 42.12 § 2(2) (1997) (emphasis added).
Texas treated the grant of probation as "a privilege, not a right." Speth v. State of Texas , 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The decision whether to grant probation was wholly discretionary and nonreviewable. Flournoy v. State of Texas , 589 S.W.2d 705, 707 (Tex. Crim. App. 1979) (citing Saldana v. State of Texas , 493 S.W.2d 778 (Tex. Crim. App. 1973) ). As Texas courts described, "community supervision is an arrangement in lieu of the sentence, not as part of the sentence." Speth , 6 S.W.3d at 532.
Thus, when petitioner received community supervision for his prior adjudications in Texas he was not "sentenced" under Texas law. Reasonable counsel would therefore have had a good faith basis to object to the use of the Texas probation as a predicate "sentence" under Oregon law. Further, we agree with the post-conviction court that reasonable *384 trial counsel would have known about our decision in Gordon , announced a year prior to petitioner's trial. We "make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." Lichau v. Baldwin , 333 Or. 350, 360, 39 P.3d 851 (2002). But, counsel is expected to prepare on the law to the extent appropriate. Krummacher v. Gierloff , 290 Or. 867, 875, 627 P.2d 458 (1981). That is especially true when counsel's client is facing a true-life sentence. Reasonable counsel, knowing about Gordon , would have appreciated the significance of investigating, and challenging, a prior out-of-state probation. No novel or arcane propositions of law were involved. *433 Having reached that conclusion, it is apparent that petitioner's trial counsel was inadequate or ineffective in failing to object to the trial court's use of those Texas adjudications as predicate sentences under ORS 137.719. Making that objection was "reasonably necessary to diligently and conscientiously advance the defense." Krummacher , 290 Or. at 874, 627 P.2d 458. Such an objection would have had a well-founded basis in the law, there were obvious significant benefits to petitioner to pursue such a legal challenge, and no risks or downsides. Further, nothing in the record shows that raising an objection would have been inconsistent with, or harmful to, counsel's overall trial strategy. Green v. Franke , 357 Or. 301, 319-20, 350 P.3d 188 (2015) ("[E]ven where a cost-benefit inquiry suggests that counsel's failure to seek a limiting instruction was deficient, the question remains whether the omission constituted inadequate assistance of counsel, particularly when viewed in light of the strategy that counsel did pursue."). In this case, the failure to object reflected a failure "to exercise reasonable professional skill and judgment." Trujillo v. Maass , 312 Or. 431, 435, 822 P.2d 703 (1991).
Determining that petitioner's trial counsel failed to exercise reasonable professional skill and judgment at sentencing does not end our inquiry, however. Petitioner must also show that trial counsel's deficiencies prejudiced him at sentencing. Chase , 221 Or. App. at 96, 188 P.3d 427. In order to determine if petitioner was prejudiced by trial counsel's failure to exercise reasonable professional skill and judgment, we must examine whether the argument that ORS 137.719(1) did not apply to petitioner would have been successful. That requires us to answer the question left open in Gordon : If one state treats probation as a "sentence," but the other state does not, which state's categorization controls for purposes of ORS 137.719(1) ?
Resolution of that question involves application of our traditional statutory interpretative methodology. We approach the task mindful of the statutory charge that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or *434 to omit what has been inserted ***." ORS 174.010. We begin with the text and context of the statute, which are the best indications of the legislature's intent. If appropriate, we also consider the statute's legislative history. Finally, if the statute's meaning remains unclear, we may resort to general maxims of statutory construction. See State v. Gaines , 346 Or. 160, 171-73, 206 P.3d 1042 (2009) (explaining methodology).
Here, the text of ORS 137.719 provides the best evidence of the legislature's intent. The legislature defined a sentence to include "sentences imposed by any other state ." ORS 137.719(3)(B)(b). That noun-"sentences"-is used in relation to an action-"imposed"-that is done "by another state." The natural reading of that text is that the actor is imposing the sentence consciously, with an understanding of what is, and is not, a sentence. The most plausible interpretation of the statute is that the legislature intended the word "sentence" to mean a sentence under the law of the acting state, that is, the state imposing the punishment.
Other statutes demonstrate that the legislature knows how to make it clear when a foreign adjudication should be classified under Oregon's treatment of the conduct, despite how the imposing state views the offense. For example, multiple statutes refer to a foreign conviction for "comparable" offenses under Oregon law. See, e.g. , *385 ORS 475.934(5) ; ORS 137.717(10)(b)(B) ; ORS 165.803(3)(b). Similarly, the legislature has created recidivist sentencing schemes that consider foreign adjudications that are "statutory counterpart[s]" to Oregon law. ORS 813.010(5)(a)(ii).
In the context of sentencing, it is well-established, and the legislature was well-aware when it enacted ORS 137.719, that criminal sentencing is statutory in nature. The legislature knew that there were different ways to treat probation under various statutory sentencing schemes, because Oregon itself had treated probation differently prior to November 1, 1989, as evidenced by the change brought about by the enactment of the Oregon Sentencing Guidelines. Gordon , 232 Or. App. at 185-86, 221 P.3d 763 ("For crimes committed after November 1, 1989, the sentencing guidelines expanded the term 'sentence' to include probation."
*435 (Emphasis in original.) ).[2] Knowing that not all sentencing schemes considered probation a "sentence," the legislature could have made clear that ORS 137.719 applies to punishments that are a sentence under Oregon law, despite how the foreign jurisdiction classifies the punishment. They did not.
We therefore conclude that for purposes of ORS 137.719, whether an out-of-state sentence qualifies as a predicate is evaluated according to whether the state imposing the punishment considered it to be a "sentence." It follows that an objection to the use of petitioner's prior Texas adjudications, had it been properly made, would have been successful. Petitioner's counsel was therefore constitutionally ineffective and inadequate, and that deficiency prejudiced petitioner.
Reversed and remanded.

As discussed below, ORS 137.719 concerns predicate sentences , not convictions. Both parties agree that the question in this case is whether the Texas adjudications resulted in sentences. Neither party takes issue with the post-conviction court's use of the term "conviction." As such, we understand the trial court to mean sentences-language to the contrary notwithstanding.

As we noted in Gordon , the legislative history surrounding ORS 137.719 is not helpful in that the legislators spoke of "convictions" when the statute was written in terms of "sentences." 232 Or. App. at 186 n. 9, 221 P.3d 763.