No. 329          May 15, 2024          637

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of X. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G. T.,
*Appellant.*

Deschutes County Circuit Court
22JU06203; A182316 (Control)

In the Matter of S. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G. T.,
*Appellant.*

Deschutes County Circuit Court
22JU06204; A182317

Bethany P. Flint, Judge.

Argued and submitted March 22, 2024.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Kate Morrow, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Appellant, mother, challenges the juvenile court's supplemental disposition judgments with respect to both of her children ordering her to achieve certain "expected outcomes." On appeal, mother argues that while ORS 419B.337(2) authorizes DHS to utilize expected outcomes in case planning, no statute authorizes the juvenile court to adopt expected outcomes as an order. We do not reach the issue of whether the juvenile court had authority to order the supplemental disposition judgments in question because mother did not preserve the argument she makes on appeal. *See* ORAP 5.45(1). While we are able to review plain error even when unpreserved, mother did not request we do so, nor do we choose to exercise our discretion to do so in this case. *See Dept. of Human Services v. C. C.*, 310 Or App 389, 400, 486 P3d 51 (2021). Accordingly, we affirm.

In determining whether mother sufficiently pre-served her argument for appeal, we consider whether the policies underlying the preservation rule are satisfied. *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009). To ensure fairness and efficiency, preservation should "allow the trial court to consider a contention and correct any error, * * * allow the opposing party an opportunity to respond to a contention, and * * * foster a full development of the record." *State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015) (citing *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008)).

In this case, the court attached expected outcomes prepared by DHS that expanded on the action agreement, and mother offered a general objection that did not prof-fer any legal argument. In a similar context, we have held that a generalized objection to a court's order is not specific enough to alert the court that the litigant was challenging the court's statutory authority to attach the expected out-comes to the order. *Dept. of Human Services v. T. M. G.*, 307 Or App 117, 124, 475 P3d 936 (2020) (citing *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)) (holding that an objection to a juvenile court's visitation order that argued that the terms were too burdensome did not alert the court or oppos-ing party to the argument made on appeal that the court

had no lawful authority to order the terms). Here, mother's objection to "the inclusion of the expected outcomes as separate from the services that are requested that the parents participate in" did not sufficiently identify the legal argument now on appeal, leaving the policies behind the preservation rule unsatisfied.

We agree with mother's assertion that identifying the issue to be raised on appeal is more important than the legal authority or specific argument for preservation purposes, but we disagree that she sufficiently identified the issue in her objection to preserve it.[1] While we do not require an appellant to identify specific legal authority or articulate the same argument when objecting as is presented on appeal, it remains necessary to explain the issue with "enough clarity to permit [the court] to consider and correct the error immediately." *State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (internal quotation marks omitted). In this case, mother's generalized objection did not provide an explanation or legal reasoning that would notify the court or parties of her argument on appeal that the court lacked statutory authority. Thus, because mother did not satisfy the policies behind the preservation rule, the error was unpreserved.

As noted above, mother did not request plain error review. Regardless, we would not exercise our discretion to review for plain error in this case because mother's interpretation of the court's endorsement of the expected outcomes as an order enforced by contempt is not the only reasonable interpretation. Had mother objected to the court's statutory authority to do so, the court may have offered more clarity on the intent behind the order.

Affirmed.

---

[1] *See Putnam v. Board of Parole*, 290 Or App 436, 439, 417 P3d 524 (2018) (applying the framework established by *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988) and concluding that the appellant preserved his argument for appeal by identifying the main contention that his sentence exceeded the statutory maximum, even though he relied on different legal authority on appeal); *see also State v. Stevens*, 328 Or 116, 122-23, 970 P2d 215 (1998) (concluding that, when viewing "the facts in light of the purpose of fairness and efficiency," the defendant's objection to proffered scientific evidence as "mere quasi psychiatric or psychological evidence" did not raise the issue, as defined in *Hitz*, of whether testimony was admissible as scientific evidence).